IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:25-CR-00151- |
| § | ALM-BD |
| ANGEL CONCEPCION (1) § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Angel Concepcion's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a final revocation hearing on September 15, 2025 to determine whether Mr. Concepcion violated his supervised release. Mr. Concepcion was represented by Sarah Jacobs. The Government was represented by William Tatum.

Mr. Concepcion was sentenced on April 22, 2014, before The Honorable Robert P. Patterson, Jr., U.S. District Judge for the Southern District of New York after pleading guilty to the following offenses: Count 1 – Conspiracy to Distribute and Possess with Intent to Distribute Crack Cocaine, a Class A felony and Count 2 – Attempt to Commit Armed Robbery, a Class C felony. Count 1 carried a statutory maximum imprisonment term of life, and Count 2 carried a 20-year maximum. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of IV, was 168 to 210 months. Mr. Concepcion was subsequently sentenced below the guideline range—ten years on each Count to run concurrently, followed by a 5-year term of supervised release on Count 1 and a 3-year term of supervised release on Count 2, subject to the standard conditions of release, plus special conditions to include being supervised in his district of residence, substance abuse treatment and testing, mental health treatment, and a $200

special assessment. On December 20, 2021, Mr. Concepcion completed the term of imprisonment and began serving his term of supervised release in the Southern District of New York.

On December 6, 2022, the original term of supervised release was revoked, and Mr. Concepcion was sentenced to 11 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, search and seizure, domestic violence treatment program, report to the nearest Probation Office within 72 hours of release, and be supervised in the district of residence. On July 3, 2023, Mr. Concepcion completed the term of imprisonment and began serving his term of supervised release in the Southern District of New York.

On October 23, 2024, his second term of supervised release was revoked, and Mr. Concepcion was sentenced to time served followed by a 3-year term of supervised release subject to standard conditions of release, plus all the same imposed special conditions previously imposed. On October 22, 2024, he completed his period of imprisonment and began service of the supervision term in the Northern District of Texas. On May 26, 2025, a transfer of supervision request to reside in the Eastern District of Texas was approved.

Jurisdiction of this case was transferred to the Eastern District of Texas on August 14, 2025, and the case was reassigned to The Honorable Amos L. Mazzant III, Chief U.S. District Judge.

On August 26, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that the Defendant violated the mandatory condition to refrain from any unlawful use of a controlled substance. (Dkt. #2 at p. 1, Sealed).

The Petition alleges that Defendant committed the following acts as described in "Allegation 1": (1) On March 18, 2025, Mr. Concepcion submitted a urine specimen at Phoenix Associates Counseling in the Northern District of Texas, which tested positive for marijuana. Mr. Concepcion admitted to using marijuana on March 17, 2025, through written admission. (2) On June 5, 2025, Mr. Concepcion submitted a urine specimen at the United States Probation Office in the Eastern District of Texas, which tested positive for marijuana. The specimen was confirmed positive by the national lab. Additionally, Mr. Concepcion admitted to using marijuana through written admission. (3) On July 23, 2025, Mr. Concepcion submitted a urine specimen at the United States Probation Office in the Eastern District of Texas, which tested positive for marijuana. The specimen was confirmed positive by the national lab. Mr. Concepcion claimed it was residual and denied any new use. (4) On August 5, 2025, Mr. Concepcion submitted a urine specimen at the United States Probation Office in the Eastern District of Texas, which tested positive for marijuana. The specimen was confirmed positive by the national lab. Mr. Concepcion claimed it was residual and denied any new use. (Dkt. # 2, at pp. 1–2, Sealed). Alere Toxicology determined the positive drug tests on July 23, and August 5, 2025, were the result of new use due to the insufficient decrease in the normalized concentration of THC detected. (Dkt. #2, at p. 2, Sealed).

The Petition further provides that while Mr. Concepcion was supervised by the Northern District of Texas, he tested positive for marijuana in April and May 2025 on at least four other occasions, but no information concerning the interpretation reports were provided after his supervision was transferred to the Eastern District of Texas. *Id*.

At the final revocation hearing on September 15, 2025, Mr. Concepcion admitted Allegation 1 was true. Given that 18 U.S.C. § 3583(g)(4) provides that Mr. Concepcion's supervision should be revoked based on these failed drug tests, subject to the consideration of

whether appropriate substance abuse treatment programs were available as described in 18 U.S.C. § 3583(g)(4), the hearing focused on the availability of such treatment programs.

Mr. Concepcion submitted a self-authored letter into evidence that explained some of the recent major changes in his life as well as the circumstances that gave rise to his pending revocation.[1] *See* document attached to minute entry on 9/15/2025. The letter states that when he indulged in marijuana again, he confessed this to his P.O. in New York, who responded that he/she is still Mr. Concepcion's P.O. and they would not "violate" him for marijuana use as long as he cleans himself up and maintains employment. He then explains he was confused who was handling his supervision: the Southern District of New York, Northern District of Texas, or Eastern District of Texas, which made seeking help to clean himself up more difficult.

In response, the Government called Shruti Bhakta, United States Probation Officer, who has supervised Mr. Concepcion since June 5, 2025. Ms. Bhakta confirmed the four positive marijuana tests described above. Ms. Bhakta testified that she told Mr. Concepcion Fletcher Counseling in Texas would contact him for treatment, and that Fletcher reached out four separate times (once by text), but Mr. Concepcion never responded. Additionally, Ms. Bhakta contradicted several statements Mr. Concepcion made in his letter. Specifically, the letter states Mr. Concepcion received permission from his P.O. to travel to New York, but Ms. Bhakta called his former P.O. in New York who stated she never gave him permission. Also, the letter strongly suggests that his most recent positive results were due to prior uses—but Mr. Bhakta sent the results to Alere Toxicology, which confirmed the drugs were the result of new use due to the insufficient decrease in the normalized concentration of THC.

---

[1] He also submitted a certificate of his completion of a food safety management program, a letter from his girlfriend, and one from his supervisor, which are discussed below.

REPORT AND RECOMMENDATION – Page 4

On cross, Ms. Bhakta conceded that it was possible that (1) some other P.O. in New York gave Mr. Concepcion permission to travel, (2) there was unspecified confusion stemming from the transfer of his supervision to Eastern District of Texas, and (3) Fletcher counseling had the wrong number. However, there is nothing in this record to further substantiate these possibilities.

Candidly, this is a close call. The submitted evidence shows that aside from his failed drug tests, Mr. Concepcion has done quite well since moving to Texas two years ago. In his letter, Mr. Concepcion explained that this is his first job, he has been promoted to manager, obtained credit cards, a vehicle, car insurance, and provides a home for his girlfriend and her three children. His employer explains that he was originally hired as a vendor to deep clean kitchens for Paramount Healthcare two year ago, and since that time, he was promoted first to "Chef in Training," then line cook, and now part of the regional team that oversees 18 locations. Mr. Concepcion was recently selected to lead the new locations in Tyler and Austin. Mr. Concepcion's girlfriend describes the two years with Mr. Concepcion as a "blessing" and that he provides for her and her children. In light of this progress, his P.O. in the Southern District of New York recommended no action be taken in response to his failed drug tests that occurred prior to transferring his supervision to the Eastern District of Texas.

In sum, Mr. Concepcion plainly has avoided many of the negative consequences often associated with individuals who have this number (around 7 to 8) of failed drug tests during their supervision. These circumstances present an unusually strong argument that revocation at this point in Mr. Concepcion's life will do him, and the community, more harm than good.

On the other hand, Mr. Concepcion has been afforded several chances. As noted above, his initial sentence was below guideline range and his second supervision violation resulted in time served when the Government was seeking 12 months due to serious alleged violations. The

transcript at his second revocation hearing on October 24, 2024 provides that Mr. Concepcion committed "many instances of use of controlled substances [and] flagrant violations;" that he "fled and absconded to Texas . . . requiring significant effort and work from the marshals and law enforcement to locate him," "made multiple unauthorized trips to Vermont," where he was either "involved" or "present" at a shooting; threatened his girlfriend while her child was in the same room; and that he used an alias at his employment, where he set up an LLC to receive his salary in an effort to avoid law enforcement locating him. *See* Cause No. 12-cr-732-3, Dkt. #307, at p. 6–7 (S.D.N.Y. Nov. 26, 2024). Despite these allegations, the court sentenced him to time served of three months rather than imposing the twelve-month term of imprisonment that was requested by the Government due to the progress he made concerning his employment in Texas. Mr. Concepcion was warned, however, that he would not receive sympathy if he made further mistakes:

> Understand, I am giving you a huge, huge break. Don't make me regret it because if you come back before me and you're screwing around again, I'm not going to have a whole lot of sympathy because I'm doing everything I can to keep you on the track that you seem to be on.

Cause No. 12-cr-732-3, Dkt. #307, at p. 9 (S.D.N.Y. Nov. 26, 2024).

In sum, the evidence shows Mr. Concepcion violated his conditions by using controlled substances, and the evidence does not show that U.S. Probation, from any district, or the treatment center in Texas, failed to contact him or provide treatment services. Even if there was some confusion arising from Mr. Concepcion moving to Texas during his supervision, which has not been established, he shares responsibility for communicating with his P.O.s and availing himself of treatment options. His letter contained several statements that range from unverifiable to wrong, to false, while claiming that the most recent drug tests were not new uses despite laboratory evidence to the contrary. Most importantly, Mr. Concepcion was warned at his last revocation

hearing that he was receiving a "huge break" and should not expect any "sympathy" at any future hearings. For these reasons, the undersigned must recommend revoking his supervision and sentencing Mr. Concepcion to a term of imprisonment at the high end of the guideline range, consistent with U.S. Probation's recommendation and the Government's request.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Mr. Concepcion's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months with no term of supervised release to follow.

The parties were informed of the right to file objections to the recommendations as set forth above. Mr. Concepcion did not waive his right to object. Mr. Concepcion will have fourteen (14) days to object to the above recommendations. To speed the time for entry of final judgement, Mr. Concepcion may file a notice that he does not object to the recommendation at any time during the 14-day objection period. Mr. Concepcion is also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed.

SIGNED this the 17th day of September, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE